# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# NORTHERN DIVISION

LEONARD ELLIS SPARKS,                                                                PLAINTIFF

v.                                         3:24CV00053-DPM-JTK

CROSS COUNTY JAIL, et al.                                                            DEFENDANTS

## ORDER

Leonard Ellis Sparks ("Plaintiff") is in custody at the Cross County Detention Center. He filed a pro se complaint pursuant to 42 U.S.C. § 1983 and a Motion to Proceed in forma pauperis ("IFP Motion"), which was granted. (Doc. Nos. 1-3). The Court must screen Plaintiff's claims pursuant to the Prison Litigation Reform Act ("PLRA") and in forma pauperis statute.

**I.   Screening**

The PLRA requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). See also 28 U.S.C. § 1915(e) (screening requirements).

An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). Whether a plaintiff is represented by counsel or is appearing pro se, his complaint must allege specific facts sufficient to state a claim. See Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir.1985).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 504 U.S. 25, 32 (1992).

**II.    Discussion**

    **A.    Plaintiff's Complaint**

Plaintiff sued the Cross County Detention Center along with Detention Center Supervisor Arleen Clements and unidentified Jail officials in their official capacities only. (Doc. No. 2 at 1-2). Plaintiff indicated that he was in jail awaiting trial on pending criminal charges at the time of the incidents that gave rise to this lawsuit. (Id. at 3).

Plaintiff complained of chest pains for three days. (Id. at 4). Cam put Plaintiff in ISO; Cam and Tex told Plaintiff to "suffer it out." (Id.).

Plaintiff suffers from lung, throat, and colon cancer. (Id.). Plaintiff informed C.O. Matt about appointments for two surgeries. (Id.). C.O. Matt told Plaintiff that Plaintiff was not going to make the appointments. (Doc. No. 2 at 4). Plaintiff also missed doctor appointments and surgeries that may have saved his life. (Id.). He says this was "[b]y Arleen Clements." (Id.).

A nurse Malorie will not give Plaintiff his medications for his sleep disorders, though she gives other inmates three a day. (Id.).

Plaintiff was placed in ISO for 56 days when he arrived at the Jail because "they" said he had a sexually transmitted disease and could not be around other detainees. (Id. at 5). Cam,

nurse Malorie, and C.O. Matt told Plaintiff they had to wait for his blood work to come back. (Id.). Plaintiff claims this is a lie because no blood was drawn. (Doc. No. 2 at 5). Plaintiff adds that he has mental issues and is not receiving care for those issues. (Id.). Plaintiff seeks damages and injunctive relief. (Id. at 6).

### B.  Detention Center Not a Person Subject to Suit under 42 U.S.C. § 1983

Plaintiff sued the Cross County Jail. But the Jail is not a "person" subject to suit under 42 U.S.C. § 1983. Da La Garza v. Kandiyohi Cty. Jail, Corr. Inst., 18 F. App'x 436, 437 (8th Cir. 2001). Any allegations against the Jail fail to state a claim on which relief may be granted.

### C.  Official Capacity Claims Under 42 U.S.C. § 1983

Plaintiff's § 1983 claims against Defendants in their official capacities are the equivalent of claims against Cross County. Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). To establish municipal liability, a plaintiff must prove that an official municipal policy, deliberately indifferent failure to train or supervise, or unofficial custom caused the constitutional injury. Corwin v. City of Independence, Missouri, 829 F.3d 695, 699 (8th Cir. 2016) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691 (1978)); City of Canton, Ohio v. Harris, 489 U.S. 378, 389 (1989).

Plaintiff has not pled that a policy, practice, or deliberately indifferent failure to train or supervise was the driving force behind the alleged violation of his rights. As such, Plaintiff's Complaint as currently pled fails to state a claim on which relief may be granted.

Plaintiff will be given the chance to file a superseding Amended Complaint to cure the defects in his pleading.

### D. Amended Complaint

Plaintiff may amend his Complaint to cure the defects explained above. If Plaintiff decides to amend, Plaintiff should submit to the Court, within thirty (30) days of the entry date of this Order, a superseding Amended Complaint that contains in a single document his claims against all Defendants he is suing. Plaintiff is cautioned that an Amended Complaint renders his original Complaint without legal effect. Only claims properly set out in the Amended Complaint will be allowed to proceed. Therefore, Plaintiff's Amended Complaint should: **1) name each party he believes deprived him of his constitutional rights and whom he wishes to sue in this action; 2) provide specific facts against each named Defendant in a simple, concise, and direct manner, including dates, times, and places if possible; 3) indicate whether he is suing each Defendant in his/her individual or official capacity, or in both capacities; 4) explain the reasons for an official capacity claim, if he makes one; 5) explain how each defendant's actions harmed him personally; 6) explain the relief he seeks; and 7) otherwise cure the defects explained above and set out viable claims.**

If Plaintiff does not submit an Amended Complaint, I will recommend that his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

### III. Conclusion

IT IS, THEREFORE, ORDERED that:

1. If Plaintiff wishes to submit an Amended Complaint for the Court's review, he must file the Amended Complaint consistent with the above instructions within thirty (30) days from the date of this Order. If Plaintiff does not submit an Amended Complaint, I will recommend that certain claims in his Original Complaint be dismissed. See 28 U.S.C. § 1915A(a); Loc. R. 5.5(c)(2).

2. The Clerk of the Court is directed to mail Plaintiff a blank 42 U.S.C. § 1983 Complaint form.

Dated this 2nd day of April, 2024.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE